IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER GONZALES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2787-L** |
| | § | |
| **PAN AMERICAN LABORATORIES,** | § | |
| **L.L.C.; PAMLAB, L.L.C.; AND NESTLE** | § | |
| **HEALTH SCIENCE-PAMLAB, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss (Doc. 5), filed November 4, 2014. After careful consideration of the motion, briefs, pleadings, and applicable law, the court **grants in part and denies in part** Defendants' Motion to Dismiss (Doc. 5). The Motion to Dismiss is **granted** with respect to Plaintiff's intentional infliction of emotional distress claim, which is **dismissed with prejudice**. Defendants' Motion to Dismiss Plaintiff's employment law claims under Title VII is **denied**. The court will address Defendants' Motion to Vacate or Modify the Scheduling Order (Doc. 18), filed July 28, 2015, by separate order.

### I.   Factual and Procedural Background

Plaintiff Christopher Gonzales ("Plaintiff" or "Gonzales") filed this action on August 4, 2014, against Defendants Pan American Laboratories, L.L.C.; PamLab, L.L.C.; and Nestle Health Science-PamLab, Inc. (collectively, "Defendants" or "PamLab"). Plaintiff asserts employment law claims of retaliation, discrimination based on race, and sexually hostile work environment under Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended.

**Memorandum Opinion and Order - Page 1**

Plaintiff also asserts a claim for intentional infliction of emotional distress under Texas common law.

In their Motion to Dismiss, Defendants contend that Plaintiff's Title VII claims should be dismissed for failure to exhaust administrative remedies because: (1) Plaintiff failed to file timely file his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); and (2) Plaintiff's claim based on sexual harassment or sexually hostile work environment was not previously raised in his charge of discrimination. Defendants contend that Plaintiff's failure to exhaust administrative remedies deprives the court of jurisdiction. Finally, Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted for intentional infliction of emotional distress under Texas law because this claim is based solely on the allegations supporting his state employment law claims under the Texas Labor Code.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a

complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

**Memorandum Opinion and Order - Page 4**

**III.   Analysis**

**A.   Title VII Claims**

Individuals who file claims of discrimination under Title VII "must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citation omitted). Contrary to Defendants' assertion, "filing a timely charge of discrimination with the EEOC is *not* a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (emphasis added and footnote omitted). In other words, the late filing of an EEOC charge does not deprive the court of subject matter jurisdiction. The filing of an EEOC charge "is a precondition to filing suit in district court." *Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)).

Moreover, Plaintiff contends that his EEOC intake questionnaire satisfies the charge requirement under Title VII. Alternatively, Plaintiff contends the time for filing his charge of discrimination was tolled by the EEOC's delay in processing his questionnaire. Dismissal under Rule 12(b)(6) is only proper if the court can determine from the pleadings that administrative remedies have not been exhausted. The court cannot make this determination from the pleadings and cannot tell from the current state of the pleadings whether Plaintiff has exhausted his administrative remedies or is entitled to tolling. As Plaintiff relies on materials outside the record,

the court concludes that resolution of the issues raised by him should be decided via summary judgment. According, the will deny Defendants' Motion to Dismiss Plaintiff's claims under Title VII.

Because Plaintiff's current allegations with respect to exhaustion are insufficient, and a party is ordinarily allowed to amend his pleadings once when they are insufficient, the court will allow Plaintiff to file an amended complaint to allege facts showing that exhaustion has occurred or that there is some basis for equitable tolling of the limitations period. Further, as Defendants did not move to dismiss Plaintiff's employment law claims under the Texas Labor Code, the court expresses no opinion as to these claims.

### B.   Intentional Infliction of Emotional Distress

*In Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004), the Texas Supreme Court concluded that, "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim" because intentional infliction of emotional distress is a "gap-fill[ing]" tort remedy. *Id.* at 447-48. The gravamen or factual basis for Plaintiff's claim for intentional infliction of emotional distress is the same as his employment law claims under the Texas Labor Code. Accordingly, Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law, and Defendants are entitled to dismissal of Plaintiff's claim for intentional infliction of emotional distress based on the holding in *Hoffmann-La Roche, Inc. v. Zeltwanger*.

## IV. Amendment of Pleadings

Plaintiff requests that he be allowed to amend his pleadings if necessary. The court has determined that Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law. Accordingly, any attempt by him to amend his pleadings with respect to this claim would be futile. The court, therefore, will not allow Plaintiff to amend his pleadings with respect to this claim; however, for the reasons set forth, the court will allow Plaintiff to file an amended complaint regarding his Title VII claims.

## V. Conclusion

For the reasons herein stated, the court **grants in part and denies in part** Defendants' Motion to Dismiss (Doc. 5). The Motion to Dismiss is **granted** with respect to Plaintiff's intentional infliction of emotional distress claim, which is **dismissed with prejudice**. Defendants' Motion to Dismiss Plaintiff's employment law claims under Title VII is **denied**. Plaintiff shall file an amended complaint regarding his Title VII claims in accordance with this opinion by **October 14, 2015.** The court will address Defendants' Motion to Vacate or Modify the Scheduling Order (Doc. 18), filed July 28, 2015, by separate order.

**It is so ordered** this 29th day of September, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge