IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER GONZALES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2787-L** |
| | § | |
| **PAN AMERICAN LABORATORIES,** | § | |
| **L.L.C.; PAMLAB, L.L.C.; AND NESTLE** | § | |
| **HEALTH SCIENCE-PAMLAB, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Summary Judgment (Doc. 30), filed June 30, 2016; and Defendants' Motion to Dismiss for Want of Prosecution or, in the Alternative, Motion to Compel Plaintiff's Deposition (Doc. 47), filed February 13, 2017. After considering the motions, briefs, admissible summary judgment evidence, record, and applicable law, the court **grants** Defendants' Motion for Summary Judgment (Doc. 30); **denies as moot** Defendants' Motion to Dismiss for Want of Prosecution or, in the Alternative, Motion to Compel Plaintiff's Deposition (Doc. 47); and **dismisses with prejudice** this action for failure to exhaust administrative remedies.

**I. Factual and Procedural Background[1]**

Plaintiff Christopher Gonzales ("Plaintiff" or "Gonzales") filed this action against Defendants Pan American Laboratories, L.L.C.; PamLab, L.L.C. ("PamLab"); and Nestle Health

---

[1] Unless otherwise specified, the facts set forth in this opinion are undisputed and based on evidence that the court has determined is admissible summary judgment evidence, notwithstanding objections by the parties to the contrary. Contested facts and issues are those referenced in this opinion as the parties' contentions, assertions, beliefs, opinions, and similarly qualifying language. To the extent this opinion relies on evidence objected to by one of the parties, the objection is overruled, even if not specifically addressed by the court. Similarly, objections to evidence that is not necessary for the court's resolution of Defendants' summary judgment motion are **overruled as moot**.

**Memorandum Opinion and Order - Page 1**

Science-PamLab, Inc. (collectively, "Defendants"), asserting a claim for intentional infliction of emotional distress ("IIED") under Texas common law and employment law claims based on race discrimination, retaliation, and sexually hostile work environment under Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended.

Gonzales, who is Hispanic, began his employment with PamLab in June 2002 as a pharmaceutical sales representative in Miami, Florida. Eleven months later, he transferred to PamLab's office in Dallas, Texas. In March 2013, Gonzales left PamLab to accept a position with another company. In a March 15, 2013 e-mail to Victoria Chard ("Chard"), PamLab's vice president of sales, and Jim Hendry ("Hendry"), PamLab's vice president of human resources, Gonzales gave two-weeks' notice of his intent to resign from PamLab. In this e-mail and an e-mail sent five minutes earlier to Hendry and Chard, Gonzales cited the alleged unprofessional conduct and continued discrimination and retaliation by Chris Taubert ("Taubert"), Gonzales's immediate supervisor, and PamLab Western Regional Director Jody Redding ("Redding").

Gonzales opined that Chard's and Hendry's investigations of his prior complaints regarding race discrimination and Taubert's unprofessional conduct had not resolved the perceived problem or improved his situation, and PamLab's human resources department and upper management had contributed to the perceived discrimination and retaliation that he experienced. Gonzales opined that discrimination against minorities at PamLab was "overwhelming" because there were no minorities in PamLab's district management team other than the Chairman of the Board's son-in-law. Defs.' Summ. J. App. 60 (Doc. 32) . Gonzales further opined that, although he was qualified, he had not been promoted to the management position given to Taubert a few years earlier because he was not Caucasian; Taubert had intentionally hindered his career development; and he had been removed

from a management development program without any explanation. For these reasons, Gonzales indicated that he believed as if he had been "forced into a constructive discharge." *Id.* at 61.

In September 2013, with the assistance of the attorney who is representing him in this case, Gonzales filed an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC") that was signed by him on September 16, 2013, and received by the EEOC on September 17, 2013. Defs.' Supp. Summ. J. Reply App. 86, 96 (Doc. 40). The Intake Questionnaire was accompanied by a typed two-page narrative. The only reference in this narrative to sexual harassment pertains to the sexual harassment of a female colleague who Gonzales supported when she complained to PamLab's human resources department ("HR"). The only references to race discrimination pertain to Gonzales's not being promoted because of his race, and a complaint he made to a division director who he overheard referring to a black sales candidate as "Boy." Defs.' Summ. J. Reply App. 97. Gonzales states that he was told in response that if the black candidate did not like it, he could work somewhere else.

By letter dated September 16, 2013, Plaintiff's attorney advised that she had been retained to represent Gonzales, and that all future correspondence and communications regarding the EEOC's investigation of the discrimination alleged by him should be directed to her law firm. Gonzales never filed a formal charge of discrimination (Form 5) with the EEOC. Instead, Plaintiff's counsel requested a right-to-sue letter from the EEOC in April 2014. On April 30, 2014, during a telephonic interview with Plaintiff's counsel, EEOC representative Tammy Johnson ("Johnson") acknowledged receipt of the request for a right-to-sue letter and advised Plaintiff's attorney that the "Form 5, Charge of Discrimination" needed to be returned to the EEOC. Plaintiff's counsel indicated that she thought the charge had already been returned to the EEOC. Johnson advised that the charge had not

been returned to the EEOC and explained that she could issue a right-to-sue letter without the charge as requested, but it would be issued as an "unperfected charge." *Id.* at 85. Plaintiff's counsel, nevertheless, requested that Johnson issue the right-to-sue letter because she needed it.

Plaintiff admits that he received a right-to-sue letter from the EEOC on May 5, 2014. Pl.'s First Am. Compl. ¶ 24. Subsequently, the EEOC notified PamLab of Gonzales's unperfected charge of discrimination under Title VII and noted that the charge was unperfected because Gonzales had "failed to return a signed copy of EEOC Form 5, Charge of Discrimination" to the EEOC. *Id.* at 91. The EEOC's notice also indicated that: no action or response was required from PamLab; it was the EEOC's "intention not to initially investigate" the unperfected charge; and the EEOC would mail a "perfected charge (EEOC Form 5)" to PamLab upon receipt from Gonzales. *Id.* at 89-90. Plaintiff initiated this action against Defendants on August 4, 2014, ninety-one days after receiving his EEOC right-to-sue letter.

On November 4, 2014, Defendants moved to dismiss Plaintiff's IIED claim and employment law claims under Title VII for failure to exhaust. Regarding his Title VII claims, Gonzalez contended that the EEOC Intake Questionnaire signed by him on September 16, 2013, satisfied the charge requirement under Title VII. Alternatively, Gonzalez contended that the time for filing his charge of discrimination was tolled by the EEOC's delay in processing his Intake Questionnaire. On September 29, 2015, the court dismissed with prejudice Plaintiff's IIED claim but denied without prejudice Defendants' motion to dismiss Plaintiff's Title VII employment law claims because the matters raised by the parties regarding exhaustion fell outside the pleadings. The court also directed Plaintiff to file an amended complaint to allege facts showing that exhaustion had occurred or that there was some basis for equitable tolling of the limitations period with respect to exhaustion

because his pleadings in this regard were insufficient. The court expressed no opinion regarding Plaintiff's employment law claims under the Texas Labor Code, as Defendants did not move to dismiss these claims. Plaintiff filed his First Amended Complaint ("Complaint") on October 14, 2015, to which he attached as Exhibit A, the signed Intake Questionnaire and two-page narrative that he provided to the EEOC on September 17, 2013.

On June 30, 2016, Defendants moved for summary judgment with respect to Gonzalez's employment law claims under Title VII and the Texas Labor Code, contending that Plaintiff failed to exhaust his administrative remedies because he never filed a perfected charge of discrimination and his Intake Questionnaire does not qualify as a charge. Defendants contend that, even assuming that Plaintiff's Intake Questionnaire qualifies as charge, it does not encompass for exhaustion purposes Plaintiff's sexually hostile work environment claim; and all of Plaintiff's employment law claims are time-barred because Plaintiff's Intake Questionnaire was not filed within the 180-day and 300-day filing periods as required by Title VII and the Texas Commission on Human Rights Act ("TCHRA"). Defendants further assert that Plaintiff cannot establish a prima facie case as required for his claims for race discrimination, retaliation, and sexually hostile work environment.

Plaintiff filed his response in opposition to the summary judgment motion on July 21, 2016, in which relies on his six-page affidavit, the affidavit of his attorney, a letter from his attorney to the EEOC, and an unsigned version of his Intake Questionnaire and three-page narrative that differ from the Intake Questionnaire and narrative provided to the EEOC on September 17, 2013. There is no indication or evidence that this new unsigned version of Plaintiff's Intake Questionnaire and narrative were ever provided to the EEOC. Plaintiff nevertheless contends, based on the new unsigned version of his Intake Questionnaire and narrative, which contain additional examples of

sexual harassment and racial discrimination, that he not only exhausted his remedies with respect to his sexually hostile work environment claim but also a newly asserted claim for hostile work environment based on race discrimination. Plaintiff continues to maintain that his Intake Questionnaire qualifies as a charge and, based on his affidavit and the unsigned version of his Intake Questionnaire and narrative, he asserts that he timely filed his charge with the EEOC because the acts of sexual harassment, racial discrimination, and retaliation, that continued throughout his employment with PamLab until he was constructively discharged in March 2013, represent a "continuing violation of his rights under Title VII, creating a systematic violation that occurred [during] the limitation[s] period regardless of whether there is an identifiable act of discrimination that occurred within the period." Pl.'s Summ. J. Resp. Br. 14 (Doc. 35). In addition, Plaintiff continues to maintain, based on his attorney's affidavit, that the time for filing his charge was equitably tolled because the EEOC delayed in investigating his claims, and that he was justified in not signing and filing the proposed charge of discrimination prepared and provided to him by the EEOC because it did not adequately summarize the claims included in "his initial statement to the EEOC." Pl.'s Summ. J. Resp. 5 (Doc. 36). Plaintiff contends that, if the court determines that a verified perfected charge is required for exhaustion purposes, the proper remedy is to abate this case while he provides "verification of the written statements [he] previously provided to the EEOC, not summary judgment." Pl.'s Summ. J. Resp. Br. 11-12.

Defendants object to Plaintiff's request to abate the proceedings in this case at this stage of the litigation "now that [Plaintiff] is facing summary judgment as a consequence of his decision" to "shortcut the administrative process and jump straight to litigation." Defs.' Summ. J. Reply 4. Defendants contend that abatement of the case would also be improper because Plaintiff has not

offered the proposed charge into evidence or explained why it did not adequately summarize his claims. Defendants further assert that Plaintiff has failed to satisfy his burden of establishing facts to support equitable tolling.

Plaintiff and Defendants both object to most of the summary judgment evidence relied on by the other party. Defendants object to all of Plaintiff's evidence on hearsay grounds and contend that Plaintiff cannot rely on the self-serving statements in his and his attorney's affidavits to raise a genuine dispute of material fact because he failed to conduct discovery and avoided appearing for his noticed deposition. Defendants similarly argue in their Motion to Dismiss for Want of Prosecution or, in the Alternative, Motion to Compel Plaintiff's Deposition (Doc. 47), filed on February 13, 2017, after the close of discovery and the deadline for filing motions to compel, that this action should be dismiss under Federal Rule of Civil Procedure 41(b) because Plaintiff failed to conduct discovery and avoided being deposed or, alternatively, that the court should compel Plaintiff to appear for a deposition.

In addition, Defendants assert that it is improper for Plaintiff's attorney to insert herself as a fact witness in this litigation. Defendants also contend that the new unsigned, unauthenticated version of Plaintiff's Intake Questionnaire and narrative, on which Plaintiff relies for the first time, were not included in the EEOC's official case file, and constitute inadmissible hearsay.[2] Defendants

---

[2] The court **sustains** Defendants' objection to Plaintiff's Exhibit 2, an unsigned version of an EEOC Intake Questionnaire and narrative. Pl.'s Summ. J. Resp. App. 3-10 (Doc. 38). Plaintiff's Exhibit 2 differs materially from the Intake Questionnaire and narrative signed by Gonzales on September 16, 2013, Defs.' App. 93-97 (Doc. 40), which Defendants rely upon in support of their summary judgment motion. Unlike Plaintiff's evidence, the version relied on by Defendants falls under the business record exception to the hearsay rule because it is accompanied by a sworn EEOC business record certification, which states: "The attached pages are true and correct copies from the U.S. Equal Opportunity Commission (EEOC) file of Charge No.: 451-2013-03105, Christopher Gonzales v. Pan American Laboratories, LLC/PAMLAB, LLC. This charge file is a government document that is kept by the EEOC in the ordinary course of business." Defs.' Summ. J. Reply App. 84; Fed. R. Evid. 803(6). Further, Defendants' evidence of Plaintiff's Intake Questionnaire and narrative and accompanying certification also satisfy the requirement of authentication as

contend that Plaintiff has provided no explanation for how the narrative changed to include new sexual harassment allegations, and he cannot change the scope of his administrative claim by rewriting the Intake Questionnaire narrative that was actually submitted to the EEOC.

Plaintiff in response does not explain why the Intake Questionnaire and narrative that he now relies on differ from the one previously relied on by him in this litigation. He contends that, because his attorney's affidavit and account differ from the EEOC case file relied on by Defendants, a genuine dispute of material fact exists that precludes summary judgment. Plaintiff contends that Defendants' evidence of the documents in the EEOC file and the unauthenticated transcriptions of meetings secretly recorded by him during his employment and produced during discovery is inadmissible hearsay.

For the reasons herein explained, the court determines that Plaintiff's employment law claims are barred for failure to file a formal charge of discrimination with the EEOC; his Intake Questionnaire and narrative provided to the EEOC on September 17, 2013, do not qualify as or satisfy the charge requirement for purposes of exhaustion of administrative remedies; equitable tolling does not apply; and allowing him to file a verified charge at this late juncture, several years after the events that form the basis of his claims, would defeat the purpose of requiring a claimant

---

evidence about public records, that is, evidence that "a document was recorded or filed in a public office as authorized by law." Fed. R. Evid. 901(7)(A). On the other hand, Plaintiff's version of the Intake Questionnaire and narrative is not signed by Gonzales; there is no indication from the document itself or Plaintiff's other evidence to support that this version was ever filed with the EEOC; the document is unauthenticated; and it does not qualify as a business record or other exception to the hearsay rule, as Plaintiff does not offer any evidence or explanation as to why this document qualifies as a business record or another exception to the hearsay rule. Further, the version of the Intake Questionnaire and narrative relied on by the defense is identical to that attached as Exhibit A to Plaintiff's Amended Complaint (Doc. 23-1) and Exhibit A to Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 6-1), which according to the affidavit of Plaintiff's attorney (Doc. 38), is the version that Gonzales filed with the EEOC in September 2013. Because Plaintiff's Exhibit 2, Pl.'s Summ. J. Resp. App. 3-10 (Doc. 38), is unauthenticated and constitutes inadmissible hearsay for which no exception applies, it is not competent summary judgment evidence. Accordingly, the court does not consider it for any purpose in ruling on Defendants' summary judgment motion.

to exhaust his remedies before filing suit. Accordingly, the court's opinion focuses on these issues, and it does not address Defendants' other summary judgment grounds or the parties' arguments regarding the other grounds.

## II.     Defendants' Summary Judgment Motion

### A.     Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense

to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

B.  **Analysis**

1.  **Exhaustion of Administrative Remedies**

Defendants contend that Plaintiff, who was represented by counsel, failed to exhaust administrative remedies for his claims by refusing to file a perfected charge with the EEOC within 300 days of any alleged unlawful employment practice.[3] Defendants contend that, because Plaintiff's last day of employment with PamLab was March 29, 2013, he was required to file a verified charge of discrimination with the EEOC no later than January 29, 2014, or 300 days from his last day of employment with PamLab on March 29, 2013, but failed to do so. Defendants contend that Plaintiff's unverified Intake Questionnaire does not does not qualify as a charge or satisfy his duty to exhaust administrative remedies because it is unperfected, that is, not signed under oath, and, as a result, the EEOC did not investigate his claims, and Defendants did not receive notice of the Intake Questionnaire and narrative or have an opportunity to respond to Plaintiff's allegations before it obtained a copy of these documents from the EEOC during the discovery phase of this case. Defendants, therefore, maintain that Plaintiff's Intake Questionnaire and narrative do not qualify as a charge because they do not serve the primary purpose of an EEOC charge, which is "to provide notice to the respondent of the discrimination alleged and to activate the voluntary compliance and conciliation functions of the EEOC." Defs.' Summ. J. Reply 4 (quoting *Clemmer v. Enron Corp.*, 882 F. Supp. 606, 610 (S.D. Tex. 1995)).

---

[3] Defendants incorporate by reference the arguments asserted in support of their prior motion to dismiss regarding exhaustion and Plaintiff's failure and refusal to file a verified charge within the required time limitation. *See* Defs.' Summ. J. Br. 6, n.35.

Plaintiff contends that he exhausted his administrative remedies because the "EEOC Intake documentation" attached to his summary judgment response shows that his "written claims of discrimination" were submitted timely to the EEOC within 180 days after termination of his employment, and he received a right-to-sue letter from the EEOC. Pl.'s Summ. J. Resp. 10. Plaintiff asserts that his Intake Questionnaire qualifies as a charge of discrimination because the EEOC signaled its intent to treat the document as a charge by assigning a charge number to his claims, conducting an investigation based on the information he submitted, and issuing him a right-to-sue letter. Pl.'s Summ. J. Resp. 11 (citing Pl.'s Summ. J. Resp. App. 14). Plaintiff's contention that the EEOC investigated his claims is based on a box checked in his right-to-sue letter, which states: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." *Id.* Plaintiff asserts that "even if [his] charge was not *verified* within [the required] time limit, dismissal [of his employment law claims] is not proper" because the "failure to timely file a charge with the EEOC" is procedural, not jurisdictional. *Id.* at 10-11 (citing *Zipes v. Trans Worlds Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

A plaintiff claiming employment discrimination under Title VII must exhaust administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). "Failure to exhaust administrative remedies is not a procedural 'gotcha' issue," but a "mainstay of proper enforcement of Title VII remedies." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." *Id.* Only after administrative remedies are exhausted may an employee file suit against his employer. *Id.*; 42

U.S.C. § 2000e–5(b). A charge must be in writing under oath or affirmation. *Id.*; *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112 (2002). A Title VII charge must be filed with the EEOC within 180 days from the date of the alleged violation. 29 C.F.R. § 1601.13(a)(1)); 42 U.S.C. § 2000e-5(e)(1). Because Texas has its own state agency to resolve civil rights complaints, the applicable period for filing a charge with the EEOC under Title VII is extended to 300 days. *See id.*; *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998). Pursuant to a work-sharing agreement between the EEOC and the Civil Rights Division of the Texas Workforce Commission ("TWC"), a charge filed with the EEOC generally satisfies the requirement to file a complaint with the TCHRA. *Griffin v. City of Dallas*, 26 F.3d 610, 612-13 (5th Cir. 1994); *Price v. Philadelphia Am. Life Ins. Co.*, 934 S.W.2d 771, 773-74 (Tex. App.—Houston [14th Dist.] 1996, no writ). Under the TCHRA, a plaintiff must file a charge of discrimination within 180 days of the alleged unlawful practice. Tex. Lab. Code Ann. § 21.202. Although the filing of a charge is not a jurisdictional prerequisite, it "is a precondition to filing suit" under Title VII and the TCHRA. *Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (Title VII)); *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (TCHRA).[4]

It is undisputed that Gonzales submitted a signed Intake Questionnaire and narrative to the EEOC on September 17, 2013, but he never filed a formal charge of discrimination with the EEOC, signed or otherwise. Instead of signing and returning the proposed "Form 5, Charge of Discrimination" that was provided to him by the EEOC, Gonzales requested that the EEOC issue him a right-to-sue letter in April 2014. Thus, Gonzales's Intake Questionnaire and narrative must

---

[4] The TCHRA is modeled after Title VII and is generally interpreted by Texas courts consistent with federal cases construing Title VII. *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010).

qualify as a charge to satisfy Title VII's and the TCHRA's requirement that a claimant file timely a verified charge of discrimination.

In *Price v. Southwestern Bell Telephone Company*, 687 F. 2d 74 (5th Cir. 1982), the Fifth Circuit determined that an unverified intake questionnaire was sufficient to satisfy the charge requirement, even though the plaintiff never filed a formal verified charge of discrimination, because the intake questionnaire described the alleged discriminatory conduct in enough detail to enable the EEOC to provide the plaintiff's employer with an official notice of the charge to plaintiff's employer that included the factual allegations that formed the basis of the plaintiff's claims, and the EEOC was able to investigate the allegations based on plaintiff's unsworn statements. *Id*. 75-79.

In a later unpublished opinion, the Fifth Circuit declined to find that a plaintiff's intake questionnaire constituted a charge of discrimination, noting the key difference between an initial questionnaire and a charge of discrimination is the notification requirement. *Harris v. Honda*, 213 F. App'x 258, 262 (5th Cir. 2006) (unpublished) (per curiam) ("Harris has failed to provide any evidence that Honda received notice . . .; in light of these facts, we find that the intake questionnaire cannot substitute for a proper charge."). The court in *Harris* explained that the employer is only notified after a charge has been filed with the EEOC, not when an initial intake questionnaire is completed. *Id.* The *Harris* court, therefore, reasoned that, "without more," allowing a questionnaire to serve as a charge would "be [the] equivalent of dispensing with the requirement to notify the perspective defendant." *Id.* The *Harris* court noted that, while it had allowed an intake questionnaire to serve as a charge in *Price*, "the defendant [in that case] . . . was on notice of all of the plaintiff's allegations" because the EEOC had commenced its investigation and notified the defendant of the

nature of the charges upon completing the initial intake. *Id.* Thus, the *Harris* court determined that, when the defendant is not given notice of the charges after the intake questionnaire was completed, the questionnaire does not constitute a charge. *Id.*

Here, there is no evidence that the EEOC provided Defendants with notice of Gonzales's Intake Questionnaire and narrative after these documents were received on September 17, 2013; nor is there evidence that Defendants were provided notice before Plaintiff filed suit, of the contents of allegations in Gonzales's Intake Questionnaire and narrative. While the EEOC provided Defendants with a formal notice of the unperfected charge that included boxes checked for race discrimination, national origin discrimination, and retaliation, the notice contained no information regarding the factual bases for Gonzales's claims based on race, national origin, and retaliation, and mentioned nothing about sexual harassment or hostile work environment.

Moreover, unlike the plaintiff in *Price*, Gonzales was represented by his current counsel when he filed his Intake Questionnaire and narrative and during the statutory filing periods. Additionally, unlike *Price*, the evidence in this case does not support Plaintiff's contention that the EEOC investigated his claims. Plaintiff does not cite any legal authority, and the court is not aware of any that supports Plaintiff's assertion that either the EEOC's assignment of a case charge number or the issuance of a right-to-sue- letter containing form language that the EEOC is closing its file because it was unable to conclude that the information provided established a violation of Title VII are indicative of whether the EEOC actually investigated a claim or commenced the administrative process with respect to a claim. On the other hand, the notice provided to Defendants of Gonzales's unperfected charge specifically indicates the EEOC's "intention not to initially investigate the

charge"; and that Defendants need not respond or provide any information to the EEOC until the EEOC notifies them that Gonzales filed a perfected charge. Defs.' Summ. J. Reply App. 89-91.

Further, the EEOC investigator indicated in her notes and summary of Plaintiff's Intake Questionnaire and narrative that "more information [was] needed before a charge [could] be taken." *Id.* at 88. Accordingly, this evidence demonstrates that the EEOC did not have sufficient information to prepare a charge as a result of the allegations in Plaintiff's Intake Questionnaire and narrative. As a result, the EEOC advised Defendants that "[n]o action by [them] was required at this time," and no investigation by the EEOC, aside from reviewing Plaintiff's Intake Questionnaire and narrative, was conducted. *Id.* at 90. Because the EEOC did not investigate or start the administrative process with respect to the factual allegations in Plaintiff's Intake Questionnaire and narrative, which were determined to be insufficient for purposes of preparing a charge, and the EEOC did not provide notice to Defendants of Plaintiff's Intake Questionnaire and narrative or the factual allegations contained in the Intake Questionnaire and narrative that form the bases for Plaintiff's claims in this case, the court concludes, based on the reasoning in *Price* and *Harris* that Plaintiff's Intake Questionnaire and narrative do not qualify as a charge of discrimination or satisfy Title VII's or the TCHRA's exhaustion requirement regarding the filing of a verified charge of discrimination. Plaintiff, therefore, failed to raise a genuine dispute of material fact that he exhausted his administrative remedies for his employment law claims.[5]

---

[5] Although not raised by Defendants, the court notes that Plaintiff's Title VII claim also fails because Plaintiff did not timely file suit after receiving his right-to-sue notice from the EEOC. A civil action for Title VII violations must be brought within ninety days after receipt of an EEOC right-to-sue letter. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1093-94 (5th Cir. 1989); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985). The federal requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *See Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza*, 754 F.2d at 1251. "Courts within [the Fifth] Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Taylor*, 296

2. **Relation Back**

The court's determination that Plaintiff's Intake Questionnaire and narrative do not constitute a charge moots Plaintiff's relation-back argument and contention, based on the Supreme Court's opinion in *Edelman*, that he should be allowed to file a verified charge, which will relate back to his Intake Questionnaire and narrative, or what he refers to as his initial complaint. Because Plaintiff's Intake Questionnaire and narrative do not qualify as a charge, there would be nothing to which a newly verified charge by Plaintiff would relate back. The reasoning in *Edelman* is, therefore, inapplicable.

3. **Equitable Tolling**

Plaintiff's reliance on equitable tolling to save his claims from being time-barred is similarly misplaced. The limitations period for federal discrimination claims is subject to equitable considerations, including equitable tolling. *See, e.g., Zipes*, 455 U.S. at 393 (1982). The burden of proof rests on the party invoking the equitable tolling doctrine, which is applied sparingly. *Tillison v. Trinity Valley Electric Co-op. Inc.*, 204 F. App'x 346, 348 (5th Cir. 2006). Equitable tolling applies when the plaintiff is "prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has "identified three potential bases for

---

F.3d at 379 (dismissing case as untimely filed because it was filed one day beyond the ninety-day limitation period). Thus, although Title VII's time limitations for filing suit are not jurisdictional, this will not preclude dismissal of an untimely-filed action. *See id*. Here, Plaintiff admits that he received a right-to-sue letter from the EEOC on May 5, 2014, but he did not file this action until August 4, 2014, ninety-one days after receiving his EEOC right-to-sue letter. Plaintiff's EEOC claim is, therefore, time-barred.

equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003).

None of these bases applies here. Plaintiff does not contend that the EEOC misled him about his rights. He, instead, contends that the EEOC delayed in processing his claims despite his attorney contacting the EEOC numerous times between September 2013 and April 2014, and the proposed charge prepared by the EEOC did not adequately summarize his claims, so he refused to sign it before filing suit. Gonzales, however, fails to account for his own delay in waiting approximately 180 days after he left PamLab in March 2013 before submitting his Intake Questionnaire and narrative in September 2013. Moreover, Gonzales was represented by counsel when he submitted his Intake Questionnaire and narrative, and his counsel assisted him in preparing the Intake Questionnaire and narrative that the EEOC ultimately determined to contain insufficient information to prepare a charge. Although his attorney states in conclusory fashion, without detail, that she contacted the EEOC numerous times, there is no indication whether the EEOC requested additional information that Gonzales or his counsel provided to assist in the preparation of the formal charge. Gonzales also does not provide anything other than conclusory statements as to why the proposed charge prepared by the EEOC was inadequate and precluded him from filing a formal verified charge of discrimination within the statutory filing period and later amending the charge.

Further, there is no evidence that Gonzales or his attorney undertook any efforts after requesting and receiving a right-to-sue letter to file a charge of discrimination. Gonzales's counsel

instead appears to have been operating under the mistaken assumption that the EEOC was required to conduct an investigation based on his unverified Intake Questionnaire and narrative before receiving a verified charge. The EEOC's case file also indicates that the Gonzales's attorney mistakenly believed that a formal charge had been filed by Gonzales as of April 2014, however, no effort was taken by Gonzales or his attorney to file a signed formal charge after the EEOC advised Gonzales's counsel that no signed formal charge had been filed. Gonzales's attorney instead requested a right-to-sue letter and never thereafter made an effort to file a formal charge. Thus, Gonzales has not shown that he exercised due diligence in asserting his rights or was prevented in some extraordinary way from exercising those rights; and neither ignorance of the law nor negligence of an attorney justifies equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 713-14 (5th Cir. 1999) (explaining that ignorance of the law is not a justification for equitable tolling); *Baldwin v. Layton*, 300 F. App'x 321, 324 (5th Cir. 2008) (citing *Cousin v. Lensina*, 310 F.3d 843, 849 (5th Cir. 2002), for the proposition that "[e]quitable tolling is not warranted when an attorney merely commits error or neglect."). Finally, that Gonzales was represented by counsel weighs against a finding that equitable tolling is warranted in this case. *See Kojin v. Barton Protective Servs.*, 339 F. Supp. 2d 923, 930 (S.D. Tex. 2004) (citing cases). Accordingly, equitable tolling is not appropriate and does not save Plaintiff's employment law claims from being subject to dismissal for failure to exhaust administrative remedies timely.

### III. Motion to Dismiss for Want of Prosecution or Motion to Compel

The court's ruling on Defendants' summary judgment motion moots their motion to dismiss or motion to compel for Plaintiff's failure to participate in discovery. Accordingly, this motion will be **denied as moot.**

### IV. Conclusion

For the reasons stated, the court **concludes** that no genuine dispute of material fact exists as to whether Plaintiff exhausted administrative remedies for his employment law claims under Title VII and the TCHRA. The court, therefore, **grants** Defendants' Motion for Summary Judgment (Doc. 30); **dismisses with prejudice** Plaintiff's employment law claims against Defendants for retaliation, race discrimination, and hostile work environment under Chapter 21 of the Texas Labor Code for failure to exhaust administrative remedies; **dismisses with prejudice** his Title VII claims, whether based on sex or race discrimination, for failure to exhaust administrative remedies;[6] and **denies as moot** Defendants' Motion to Dismiss for Want of Prosecution or, in the Alternative, Motion to Compel Plaintiff's Deposition (Doc. 47). The court will enter judgment in favor of Defendants by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 20th day of October, 2017.

Sam A. Lindsay
United States District Judge

---

[6] In the context of a summary judgment, when a party fails to raise a genuine dispute of material fact regarding exhaustion of administrative remedies, a court may dismiss with prejudice. *See Million v. Grounds*, 690 F. App'x 163, 165 (5th Cir. 2107) (per curiam) (citation omitted).