IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CHRISTOPHER GONZALES,** §
§
Plaintiff, §
§
v. § Civil Action No. **3:14-CV-2787-L**
§
**PAN AMERICAN LABORATORIES,** §
**L.L.C.; PAMLAB, L.L.C.; AND NESTLE** §
**HEALTH SCIENCE-PAMLAB, INC.,** §
§
Defendants. §

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for New Trial (Doc. 56), filed November 17, 2017. For

the reasons herein stated, the court **denies** Plaintiff's Motion for New Trial (Doc. 56).

Plaintiff's Motion for New Trial is governed by Fed. R. Civ. P. 59(a); however, there was

no trial in this matter. Plaintiff's claims against the Defendants were adjudicated by summary

judgment under Federal Rule of Civil Procedure 56. Plaintiff's Motion for New Trial is, therefore,

more properly characterized as a motion to alter or amend the judgment under Rule 59(e). *See St.*

*Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or

amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*,

77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly

styled a Rule 59(e) motion).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness

of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted).

Amending a judgment under Rule 59(e) is appropriate: "(1) where there has been an intervening

change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy*, 702 F.3d at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," *Templet*, 367 F.3d at 478, and may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Reconsideration of a judgment under Rule 59(e) is, therefore, considered "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiff's motion simply restates the factual and legal arguments previously rejected by the court in ruling on Defendants' summary judgment motion. Accordingly, Plaintiff's motion is an improper attempt to relitigate matters previously resolved to his dissatisfaction. Moreover, the court determines that no manifest error of law or fact was committed that requires correction. Plaintiff's Motion for New Trial (Doc. 56) is, therefore, **denied.**

**It is so ordered** this 21st day of November, 2017.

Sam A. Lindsay
United States District Judge